UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


NO. 11-1154


UNITED STATES OF AMERICA

V.

CARLOS BEZA-GARI

Defendant/Appellant


Appeal From The United States District Court
District of Puerto Rico


---------------------------


Brief for the Appellant filed pursuant to
*ANDERS V. CALIFORNIA,* 386 U.S. 738


---------------------------

Elaine Pourinski
Attorney for the Appellant
BBO #550986
13 Old South Street
Northampton, MA. 01060
(413)587-9807

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . ii

Jurisdictional Statement. . . . . . . . 1

Issue Presented for Review . . . . . . . 1

Statement of the Case. . . . . . . . . 1

Statement of the Facts. . . . . . . . . 2

Summary of the Argument. . . . . . . . . 4

Argument. . . . . . . . . . . . 5

I. Whether the Waiver of Appellate Rights Executed by
   Beza-Gari is valid and enforceable.

   A. Whether the waiver statement and its scope are
      sufficiently clear. . . . . . . . 6

   B. Whether the District Court questioned Beza-Gari as
      to his understanding of the waiver and
      informed him of its ramifications. . . . . 7

   C. Whether enforcing the waiver would cause a miscarriage
      of justice. . . . . . . . . . 8

Conclusion. . . . . . . . . . . . 11

Prayer for Relief . . . . . . . . . . 11

Addendum . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California,* 386 U.S. 738 (1967) . . . . . . . . 5, 12

*United States v. Acosta-Roman,* 549 F.3d 1 (1st Cir. 2008) . . 6

*United States v. Borrero-Acevedo,* 533 F.3d 11 (1st Cir. 2008) 7

*United States v. Cardona-Diaz,* 524 F.3d 20 (1st Cir. 2008) 6, 10

*United States v. Chandler,* 534 F.3d 45 (1st Cir. 2008) . . . . 7

*United States v. De-La-Cruz Castro,* 299 F.3d 5 (1st Cir. 2002)10

*United States v. Gil-Quezada,* 445 F.3d 33 (1st Cir. 2006) . . 10

*United States v. Gonzalez-Mercado,* 402 F.3d 294 1 (1st Cir. 2003) . . . . . . . . . . . 11

*United States v. Miliano,* 480 F.3d 605 (1st Cir. 2007) . . 8, 10

*United States v. Rodriguez-Castillo,* 350 F.3d 294 (1st Cir. 2003) . . . . . . . . . . . 11

*United States v. Tweeter,* 257 F.3d 14 (1st Cir. 2001) . . . 6, 9

# JURISDICTIONAL  STATEMENT

A.      On October 7, 2009, the defendant Carlos Beza-Gari ("defendant"), and four

other co-defendants, were charged in a seven count indictment.  The defendant was

charged with one count (Count I) of conspiracy to possess controlled substance  in

violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A), two counts (II, III) of

possession with intent to sell, distribute or dispense a controlled substance in

violation of 21 U.S.C. § 841(a)(1), one count (IV) of conspiracy to import a

controlled substance in violation of 21 U.S.C. § 963 and 952(a), two counts (V, VI)

of importation of a controlled substance in violation of U.S.C. 21 § 952(a) and

960(a)(1) and (b)(1)(A), and one count (VII) of a drug forfeiture allegation[1].

B.      The District Court had subject matter jurisdiction over the case because the

indictments charged the defendant with offenses against the United States. See 18

U.S.C. § 3231.  The judgment of conviction was entered on January 4, 2011.

C.      This Court has jurisdiction over the defendant's appeal pursuant to 18

U.S.C. § 3742(A) and 28 U.S.C. § 1291.

D.      This appeal is from a final judgment that disposed of all claims as to the

defendant.

---

[1]   References to the record on appeal are as follows: to the Plea Hearing transcript as by P. and page no.; as to the Presentence Report as by PSR and page no.; to the Sentencing Transcript as by S. and page no. and to the Addendum as by A. and document no.

## STATEMENT OF THE ISSUE

1.  Whether the defendant/appellant made a valid waiver of his right to appeal his sentence, as agreed to in the plea agreement, and whether enforcing that waiver would result in a miscarriage of justice.

## STATEMENT OF THE CASE

On October 7, 2009 the grand jury returned a seven count indictment against the defendant and four co-defendants. On September 20, 2010 the defendant pled guilty to Count V of the indictment, importation of at least three (3) but less than ten (10) kilograms of heroin in violation of 21 U.S.C. §§ 952(a), 960(a) and 18 U.S.C. § 2. As a result of a plea agreement, all other counts were dismissed. On January 24, 2011 the defendant was sentenced to a term of 262 months, and a supervised release term of 5 years. (A.2)

On January 27, 2011 the defendant filed a timely notice of appeal.

## STATEMENT OF FACTS

The facts as agreed to by the defendant and the Government in the plea agreement and presentence report are as follows: On September 30, 2009, at approximately 3:11 a.m. the United States Coast Guard detected a yola type vessel (PR-3165 FF), red in color, navigating with no lights. The Coast Guard boarded the vessel and found the defendant, Carlos Beza-Gari and his two co-defendants,

Ferdinand Soto Santiago and Roberto Rivera. An ion scan inspection of the vessel revealed a positive result for the presence of cocaine at the bow of the vessel. The vessel and the crew were transported to the port of Aguadilla, Puerto Rico.

At approximately 9:00 a.m. the Puerto Rico Police Depart, FURA Unit (Maritime Unit) received a telephone call related to the discovery of several packages floating on the water at approximately six nautical miles from the Aguadilla FURA office and two nautical miles from the coast of Rincon, P.R. A total of one hundred and twenty brick type packages were recovered and taken to the FURA office for further investigation. The contents of the packages tested positive for cocaine and heroin.

There was a discrepancy with the registration of the vessel seized by the Coast Guard. The registration number also belonged to a different vessel also registered under the name of Ferdinand Soto-Santiago but was described as a seventeen foot wooden vessel, blue in color. This second vessel was located on the beach at Tamarindo Ward in Aguadilla. It was later learned that the registration of the blue vessel was placed on the red vessel.

Immigration and Customs Enforcement (ICE) agents from Mayaguez were notified and responded to the FURA Aguadilla and Anasco offices. It was determined that the narcotics had been smuggled from the Dominican Republic

into Puerto Rico on board the vessel where the three defendants were stopped. The investigation revealed that the three men departed in the vessel from the area of Aguada, P.R. at approximately 6 p.m. on September 29, 2009, with the sole purpose of meeting another vessel at sea to receive a transfer of the packages of narcotics. They were to transport the packages into Puerto Rico. A Dominican Michera type vessel with three Dominican nationals on board approached the defendants' vessel at a location near the Dominican Republic and transferred a total of one hundred and twenty three packages into their vessel. The defendants returned to the Puerto Rico and while near the coast were intercepted by the Coast Guard. Prior to the stop, they threw the packages into the sea. The packages seized contained a gross weight of approximately 136.2 kilograms of cocaine and 6.85 kilograms of heroin. As a result the defendant was accused of aiding and abetting to import into the United States at least one kilogram or more of heroin.

## THE PLEA AGREEMENT

On September 20, 2010 Carlos Beza-Gari entered into a plea agreement with the government. The parties agreed that the Sentencing Guidelines calculations revealed that the Beza-Gari was a career offender and his base offense level (after a three point reduction for acceptance of responsibility) would be level 34. They agreed that the sentencing guideline range would be 262 to 327 months "if the

Court finds him [Beza-Gari] to be a career offender." (A.2) The parties deferred to the discretion of the Court in making that finding, and then agreed to a sentence amount should the judge sentence the defendant outside of the career offender guideline range:

> Should the Court sentence the defendant outside of the career criminal category, the defendant would be exposed to a term of imprisonment of one hundred and eighty-eight months (188) to two hundred and thirty-five (235) months imprisonment. In such a case, the United States would recommend and the defense would agree to a sentence at the lower end of the applicable guideline or to one hundred and eighty-eight (188) months imprisonment. (A. 4)

Beza-Gari acknowledged that he understood that he was waiving his rights as a criminal defendant and that, if the Court accepted the agreement, he was waiving his rights to appeal the judgement and sentence in the case. (A. 2) All of the other charges would be dismissed. Beza-Gari signed the plea agreement and initialed each page. (A.2)

## SUMMARY OF THE ARGUMENT

Counsel submits this brief in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396 (1967) because after reviewing the evidence produced by the government, the written Plea Agreement and the transcripts of the change of plea hearing and sentencing hearing, counsel has found that Beza-Gari's waiver of his appeal rights was valid. Counsel has not found anything in the record that might

arguably support setting aside the waiver of appeal executed by Beza-Gari as part of the written Plea Agreement and therefore denial of the right to appeal does not cause a miscarriage of justice in this case.

**ARGUMENTS AND AUTHORITIES**

## I.  WHETHER THE WAIVER OF APPELLATE RIGHTS EXECUTED BY BEZA-GARI IS VALID AND ENFORCEABLE

Beza-Gari entered into a plea agreement with the government.  The plea agreement contained a waiver of appeal provision.(A.2)  The parties agreed that Beza-Gari fell within the criminal offender guideline range.  In the agreement, the parties deferred to the discretion of the judge whether to sentence Beza-Gari outside of the criminal offender range.  Beza-Gari received a sentence consistent with the plea agreement.  He filed a notice of appeal.

"Under ordinary circumstances, a knowing, voluntary waiver of the right to appeal from a sentence, contained in a plea agreement, ought to be enforced." *United States v. Acosta-Roman,* 549 F.3d 1, 3 (1st Cir. 2008) citing *United States v. Cardona-Diaz*, 524 F.3d 20, 22 (1st Cir. 2008)(quoting *United States v. Tweeter*, 257 F.3d 14, 23 (1st Cir. 2001) "When its validity is challenged, a waiver is tested by considering whether the waiver statement and its scope are sufficiently clear, whether the district court questioned the defendant as to his understanding of the waiver and informed him of its ramifications, and whether enforcing the waiver

would cause a miscarriage of justice." *Id.* at 3 citing *United States v. Chandler,* 534

F.3d 45, 49 (1st Cir. 2008)

A. <u>**Whether the waiver statement and its scope are sufficiently clear**</u>

Paragraph 19 of the Plea Agreement specifically states that "The defendant

hereby agrees that if the Honorable Court accepts this plea agreement and sentences

the Defendant according to its terms and conditions, and recommendations, the

defendant waives and surrenders his right to appeal the judgment and sentence in

this case." The defendant signed the agreement and initialed each page.(A.) This

court has found that the waiver provision that was utilized in this case was "simple

and easily understood" and "clear and self evident on its face." *United States v.*

*Borrero-Acevedo,* 533 F.3d 11, 14 & 17 (1st Cir. 2008)

Beza-Gari further signed an additional paragraph stating that he had read the plea

agreement and reviewed every part of it with his attorney and that he fully

understood the agreement and voluntarily agreed to it. (A.2) The defense attorney

also signed a paragraph which stated, in essence, that he reviewed every part of the

plea agreement with the defendant and that the defendant was entering into the

agreement voluntarily, intelligently and with full knowledge of all of the

consequences.(A.2)

The agreement specifically stated that Beza-Gari was determined to be a career offender and that the parties would defer to the Court as to whether he should be sentenced in the career offender guideline range. The plea agreement clearly set forth the risk that the Court could sentence Beza-Gari as a career offender, and the exposure that he faced should he be sentenced as such.

Although this court has made the recommendation that waiver provisions should make specific reference to any terms and conditions of the plea agreement that are not intended by the parties to be covered by the waiver, it has consistently upheld the waiver provision utilized in this case. See *United States v. Miliano,* 480 F.3d 605 (1st Cir. 2007) The scope of the waiver was clear, Beza-Gari acknowledged that he understood the waiver, and there was nothing to indicate that he did not.

**B. Whether the District Court questioned the defendant as to his understanding of the waiver and informed him of its ramifications**

The judge conducted the plea colloquy with Beza-Gari. He questioned him regarding the plea agreement and whether he understood it:

> Court: For purposes of the Plea Agreement, you and the Government agree that you are to be held accountable for at least three but less than 10 kilograms of heroin, which starts off with a base offense level of 34. Since you are a career criminal, pursuant to Guideline 4B1.1 A and B, a three-level decrease is warranted, bringing it up to 37. Since you are accepting responsibility for your offense conduct, a three level decrease is warranted, for a total adjusted level of 34. In view of your criminal history category, which will be VI, the potential guideline range is 262 to 327 months. Do you understand that?

Defendant: Yes.

Court:  As to sentencing recommendations, the Government and your attorney defer to this judge that if the sentence is outside of the career criminal category, then you would be exposed to a term of imprisonment of 188 months to 235 months. And in such a case, the Government would recommend and you would agree to a sentence at the lower end of the applicable guideline range, which would be 188 months of imprisonment. Do you understand?

Defendant: Yes.

Court:  But you understand that it's only a recommendation.

Defendant: Yes. (Plea. 11-12)

In addition, the sentencing (District Court) judge brought to the defendant's attention the waiver of appeal provision:

Court: Finally, you agree that if this Court accepts the Plea Agreement and sentences you according to the terms and recommendations of the Plea Agreement, that then you would waive and surrender your right to appeal the judgment and sentence in this case.  Is that correct?

Defendant:  Yes. (Plea. 14)

The Court appears to have complied with this court's requirement that the defendant be questioned regarding a waiver of appeal provision.  By calling Beza-Gari's attention to said waiver, judge verified that he had full understanding of the provision and that he had knowingly and voluntarily elected to waive his right to

appeal.  The court therefore complied with the second requirement necessary to enforce a waiver provision.

### C. <u>Whether enforcing the waiver would cause a miscarriage of justice.</u>

The parties agreed to a certain sentencing guideline calculation and agreed to recommend to the Court a sentence of imprisonment outside of the career criminal guideline range.  The agreement would be for a sentence equal to the lower end of the applicable guideline range.  The parties, however, deferred to the judge as to whether Beza-Gari should be sentenced as a career offender.  The Court sentenced Beza-Gari to the lower end of the career offender guideline range.

**"**The miscarriage of justice reservation 'will be applied sparingly and without undue generosity.'" *United States v. Cardona-Diaz* 524 F.3d at 23 citing *United States v. De-La-Cruz Castro,* 299 F.3d 5, 13 (1st Cir. 2002)(quoting *Teeter,* 257 F.3d at 26).  Among the factors to be considered in determining whether enforcement would lead to a miscarriage of justice are "the clarity of the alleged error, its character and gravity, its impact on the defendant, any possible prejudice to the government, and the extent to which the defendant acquiesced in the result." *Id.* citing *United States v. Gil-Quezada,* 445 F.3d 33, 37 (1st Cir. 2006)(citing *Teeter,* 257 F.3d at 26) The miscarriage of justice requirement is "demanding enough to prevent defendants who have agreed to waive their right to appeal from

successfully pursuing garden-variety claims of error." *United States v. Miliano,* 480 F.3d at 608.

   In the present case, counsel, in good faith, has been unable to identify any meritorious argument which could be raised on appeal, less anything suggesting a strong showing of innocence, unfairness or the like.  Based on the record at hand, Beza-Gari  appears to have fully understood the ramifications of the plea agreement and acquiesced in its outcome.  As a result of the plea agreement, six of the charges were dismissed and Beza-Gari was not held responsible for an amount of cocaine.

   By electing to enter into an unconditional guilty plea, Beza-Gari waived all non-jurisdictional challenges to the resulting conviction save claims that the plea was not knowing and voluntary.  See *United States v. Gonzalez-Mercado,* 402 F.3d 294 (1st Cir. 2005) and *United States v. Rodriguez-Castillo,* 350 F.3d 294 1, 4 (1st Cir. 2003)("An unconditional guilty plea waives any and all independent non-jurisdictional claims arising out of alleged errors antedating the plea.")

   Based on the record at hand including the plea agreement, plea and sentencing transcripts, and the presentence report there is no indication that Beza-Gari did not understand the consequences of the agreement and his decision to plead guilty.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted to this Honorable Court that the undersigned counsel, after reviewing the complete record of this case, has found that the waiver of appeal executed by Beza-Gari as part of the Plea Agreement was valid and enforceable and that counsel has not been able to identify any meritorious issue in support of this appeal and upon which said waiver of appeal should be set aside. Counsel therefore respectfully submits this Brief pursuant to *Anders v. California,* 386 U.S. 738 (1967).

## PRAYER FOR RELIEF

**WHEREFORE**, for the foregoing reasons it is respectfully requested that the Appellant, Carlos Beza-Gari, be granted thirty (30) days to supplement the instant brief and that the undersigned be allowed to withdraw from this case.

/s/ Elaine Pourinski
ELAINE POURINSKI
ATTORNEY FOR DEFENDANT-APPELLANT
13 Old South Street
Northampton, Ma. 01060
413-587-9807
epourinski@aol

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day two true and exact copies of this brief and one copy of the Appendix have been mailed to the United States Attorney's Office, Torre Chardon, Suite 1201, 350 Carlos Chardon Avenue, Hato Rey, Puerto Rico 00918, and another copy has been sent to Carlos Beza-Gari, #34310-069, FDC Lompoc, 3901 Klein Blvd, Lompoc, California, 93436.

<u>/s/ Elaine Pourinski</u>
Elaine Pourinski
13 Old South Street
 Northampton, Ma.01060
413-587-9807

Dated: October 21, 2011

**ADDENDUM**

**TABLE OF CONTENTS**

1.  Judgment of the Court

2.  Plea Agreement

# United States District Court
## District of Puerto Rico (San Juan)
## CRIMINAL DOCKET FOR CASE #: 3:09–cr–00334–PG–3

Case title: USA v. Soto–Santiago et al
Magistrate judge case number: 3:09–mj–00718–BJM

Date Filed: 10/07/2009
Date Terminated: 01/14/2011

Assigned to: Judge Juan M
Perez–Gimenez

Appeals court case numbers: 11–1154,
11–1155

### Defendant (3)

| | | |
|---|---|---|
| **Carlos Beza–Gari** | represented by | **Ramon M Gonzalez–Santiago** |
| *TERMINATED: 01/14/2011* | | Ramon M. Gonzalez Law Office |
| *also known as* | | PO Box 195493 |
| Tornillo | | San Juan, PR 00919–5493 |
| *TERMINATED: 01/14/2011* | | 787–722–6930 |
| *also known as* | | Fax: 787–708–4472 |
| Carlos Besa–Gari | | Email: rmgonzalezesq@gmail.com |
| *TERMINATED: 01/14/2011* | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 21:952=CI.F AND 18:2 A/A CONTROLLED SUBSTANCE – IMPORT (5) | Impr for 262 months. SRT of 5 years and SMA of $100.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 21:846=CP.F CONSPIRACY TO POSSESS CONTROLLED SUBSTANCE (1) | Dismissed |
| 21:841A=CD.F AND 18:2 A/A CONTROLLED SUBSTANCE – | Dismissed |

SELL, DISTRIBUTE, OR DISPENSE
(2–3)

21:963=CI.F
ATTEMPT/CONSPIRACY –
CONTROLLED SUBSTANCE –                    Dismissed
IMPORT/EXPORT
(4)

21:952=CI.F AND 18:2 A/A
CONTROLLED SUBSTANCE –
IMPORT                                    Dismissed
(6)

21:853.F CRIMINAL FORFEITURES            Dismissed
(7)


**Highest Offense Level (Terminated)**

Felony


**Complaints**                           **Disposition**

21:841A=CD.F, 21:952=CI.F, 18:2.F

---

**Interested Party**

**Probation Office**

---

**Plaintiff**

**USA**                      represented by   **Idalia Mestey–Borges**
                                             United States Department of Justice
                                             United States Attorney's Office
                                             350 Carlos Chardon Street
                                             Torre Chardon, Suite 1201
                                             San Juan, PR 00918
                                             787–766–5656
                                             Fax: 787–766–5398
                                             Email: idalia.mestey@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

                                             **Jeanette Mercado–Rios**
                                             United States Attorneys Office, District of
                                             Puerto Rico
                                             Torre Chardon Suite 1201
                                             350 Chardon Ave
                                             San Juan, PR 00918
                                             787–282–1884
                                             Fax: 787–766–5398
                                             Email: jeanette.mercado@usdoj.gov

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/20/2010 | <u>93</u> | 9 | PLEA AGREEMENT as to Carlos Beza−Gari (ja) (Entered: 09/21/2010) |
| 01/24/2011 | <u>106</u> | 4 | JUDGMENT as to Carlos Beza−Gari (3), Count(s) 1, 2−3, 4, 6, 7, Dismissed; Count(s) 5, Impr for 262 months. SRT of 5 years and SMA of $100.00. Signed by Judge Juan M Perez−Gimenez on 1/14/2011.(ja) (Entered: 01/24/2011) |

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

For the Judicial District of Puerto Rico

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| **v.** | ) | |
| | ) | |
| **Carlos BEZA-GARI** | ) | Case Number:    09 CR 00334-03 (PG) |
| **T/N: Carlos Beza-Gary** | ) | USM Number:    34310-069 |
| | ) | |
| | ) | Ramón M. GONZALEZ-SANTIAGO |
| | | Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)    Five (5)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 952(a)960(a)(1) and (b)(1)(A) and 18 USC § 2 | Aid and Abet; importation of a Narcotic Drug Controlled Substance. | 09-30-2009 | Five |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

X Count(s)    1, 2, 3, 4, 6 and 7        ☐ is    X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 14, 2011
Date of Imposition of Judgment

s/ Juan M. Pérez-Giménez
Signature of Judge

JUAN M. PEREZ-GIMENEZ, SENIOR, U.S. DISTRICT JUDGE
Name and Title of Judge

January 14, 2011
Date

AO 245B     (Rev. 09/08) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT:          Carlos BEZA-GARI
CASE NUMBER:        09 CR 00334-03 (PG)

Judgment — Page __2__ of __5__

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:     **two hundred sixty-two (262) months.**

X   The court makes the following recommendations to the Bureau of Prisons:

If the defendant qualifies, that he be designated to serve his sentence at an institution in the state of Florida and that he be allowed to participate in any substance abuse treatment program offered to inmates, as well as in educational courses.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

   ☐   at _____ ☐ a.m.  ☐ p.m.  on _____ .

   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐   before 2 p.m. on _____ .

   ☐   as notified by the United States Marshal.

   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

Judgment—Page __3__ of __5__

DEFENDANT:          Carlos BEZA-GARI
CASE NUMBER:        09 CR 00334-03 (PG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :     **FIVE (5) YEARS.**

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

Judgment—Page ___4___ of ___5___

DEFENDANT:      Carlos BEZA-GARI
CASE NUMBER:    09 CR 00334-03 (PG)

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall provide the US Probation Officer access to any financial information upon request.

The defendant shall submit his person, residence, office, vehicle or computer to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other resident that the premises may be subject to searches pursuant to this condition

The defendant shall enter into an in-patient or out-patient substance abuse treatment program, for evaluation and/or treatment, and shall submit to urinalysis and other testing, the details of such treatment to be arranged by the U. S. Probation Officer, but the number of urine samples shall not exceed 104 samples a year. While in treatment and after discharged from treatment, the defendant is to abstain from the use of alcohol and/or illegal drugs. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the U. S. Probation Officer based on the ability to pay or availability of third party payment.

The defendant shall cooperate in the collection of a DNA sample as directed by the U. S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and Title 18, USC, Section 3563(a)(9).

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
     Sheet 5 — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT:    Carlos BEZA-GARI | Judgment — Page   5   of   5   |
| CASE NUMBER:    09 CR 00334-03 (PG) | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

CARLOS BESA-GARI,
Defendant.

CRIMINAL NO. 09-334 (PG)

*Received + Filed*
*Sept. 20, 2010*
*@ 2:15PM*
*jmy, deputy clerk*

### PLEA AGREEMENT
### [Pursuant to Rule 11(c)(1)(A) & (B) FRCP]

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico, Maria Dominguez, First Assistant United States Attorney, and Jeanette Mercado-Ríos, Assistant United States Attorney for said District, and CARLOS BESA-GARI, defendant, by and through defendant's counsel, Ramon Gonzalez, Esquire, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

**1.    COUNT TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count FIVE of the Indictment, charging the defendant, aided and abetted by co-defendants Ferdinand Soto-Santiago and Roberto Rivera-Rivera aka "Tortolo," with knowingly and intentionally importing into the United States, from a place outside thereof, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section 952(a) and 960(a)(1)&(b)(1)(B) and Title 18, United States Code, Section 2.

**2.    STATUTORY PENALTIES**

The defendant understands that the penalty for the above mentioned count is as follows: a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 United States Code, or $4,000,000.00, and a term of supervised release of not more than five (5) years. The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334  (PG)*

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

**3.    APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued on January 12, 2005, by the Supreme Court of the United States, in the case of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

**4.    SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, Section 3013(a).

**5.    FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the <u>Sentencing Guidelines Manual</u>, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may impose restitution. As part of this plea agreement, the defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines or restitution.

**6.    RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the <u>United States Sentencing Guidelines, Policy Statements, Application, and Background Notes</u> as advisory to the imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

**7.    UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing.

*Plea Agreement <u>United States v. Carlos Besa-Gari,</u> Crim. No. 09 -334  (PG)*

Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a presentence report; (b) to dispute sentencing factors or facts material to sentencing; ( c ) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

## 8.     SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree as to the following Sentencing Guidelines calculations:

| GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SECTION** | **PLEA OFFER** |
| Base Offense Level   (*3 kg but less than 10 kg of heroin*) USSG §2D1.(3) | 34 |
| However, as the defendant is a career criminal (USSG § 4B1.1(a), (b) | 37 |
| Acceptance of Responsibility | -3 |
| **ADJUSTED OFFENSE LEVEL** | **34** |
| Criminal History Category (USSG § 4B1.1(b) | VI |
| **POTENTIAL GUIDELINE RANGE** | 262-327 |

## 9.     SENTENCE RECOMMENDATION

The parties understand that the defendant's career criminal offender status triggers his base offense level to 37 instead of 34 (without acceptance of responsibility), which would be the base offense level for the amount of drugs stipulated and a CHC of VI.  Presently the defendant's sentencing exposure is 262 months to 327 months term of imprisonment if the Court finds him to be a career offender. The parties defer to the discretion of the Judge.  Should the Court sentence the defendant outside of the career criminal category,the defendant would be exposed to a term of imprisonment of one hundred and eighty-eight (188) months to two hundred and thirty-five (235) months imprisonment. In such a case, the United States would recommend and the defense would agree to a sentence at the lower end of the applicable guideline or to one hundred and eighty-eight (188) months imprisonment.

## 10.    FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and the defendant agree that **no further adjustments or departures** to the defendant's total adjusted base offense level **and no variance of the sentence** under Title 18, United States

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334 (PG)*

11

Code, §3553 **shall be sought by the parties, other than the defense request for the Court to sentence him outside of the career offender category.**   The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

**11.   NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

**12.   DISMISSAL OF INDICTMENT AND OF SUPERSEDING INDICTMENT**

Counts ONE thru FOUR and SIX of the Indictment will be dismissed at sentencing.

**13.   SATISFACTION WITH COUNSEL**

The defendant represents to the Court to be satisfied with his legal counsel, Luis I. Santiago-Gonzalez, Esquire, and indicates that counsel has rendered effective legal assistance.

**14.   RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

a.      If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.      If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.   The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.      If a trial is held by the judge without a jury, the judge would find the facts and, after hearing

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09-334 (PG)*

all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.      At a trial, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.      At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify.  If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## 15.   STATEMENT OF FACTS

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement.  Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.  Further, the defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

## 16.   LIMITATIONS OF PLEA AGREEMENT

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations.  In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities.

## 17.   ENTIRETY OF PLEA AGREEMENT

This written agreement and the supplement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel.  The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334  (PG)*

13

18.    **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19.    **WAIVER OF APPEAL**

The Defendant hereby agrees that if this Honorable Court accepts this plea agreement and sentences

the Defendant according to its terms, conditions and recommendations, the defendant waives and surrenders

the right to appeal the judgment and sentence in this case.

20.    **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the

defendant is pleading guilty freely and voluntarily because the defendant is guilty.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY


**MARIA DOMINGUEZ**
First Assistant United States Attorney
Date: 12-13-10


**JEANETTE MERCADO-RIOS**
Assistant United States Attorney
Date: 13 August 2010


**RAMON GONZALEZ**                              **CARLOS BESA-GARI**
Attorney for defendant                          Defendant
Date: 9/20/2010                                 Date: 9/20/2010

*Plea Agreement United States v. Carlos Besa-Gari, Crim. No. 09 -334 (PG)*                    14

**ACKNOWLEDGMENT**

I have consulted with my counsel and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it.

_9/20/10_____          _____          _Carlos Beza_____
Date                                                                  **CARLOS BESA-GARI**
                                                                      Defendant


I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

_9/20/10_____          _____          _____
Date                                                                  **RAMON GONZALEZ**, esq.
                                                                      Counsel for the Defendant

*Plea Agreement United States v. Carlos Besa-Gari" Crim. No. 09 -334 (PG)*

15

## VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violation of Title 21, <u>United States Code</u>, Section 952, 960(a)(1) & (B)(1)(B) and Title 18, <u>United States Code</u>, Section 2.

If this matter had proceeded to trial, the United States would have presented evidence through live testimony, physical evidence, and documentary evidence, which would have proven beyond a reasonable doubt the following:

In the early morning hours, on September 30, 2009, the United States Coast Guard detected a yola type vessel (PR-3165 FF) navigating with no lights. The Coast Guartd boarded the vessel where defendant Carlos Besa-Gari and his co-defendants were located. An ion scan inspection of the vessel resulted positive for the presence of cocaine on the bow of the vessel. The vessel and the crew were escorted to the port of Aguadilla, Puerto Rico. The investigation revealed that the three defendants smuggled narcotics from the Dominican Republic into Puerto Rico on board the yola type vessel. The defendants met with another vessel near the Dominican Republic and transferred one hundred and thirty (130) kilograms of cocaine and six (6) kilograms of heroin into their vessel. While near the coast of Puerto Rico, the defendants detected the Coast Guard and threw the packages of narcotics into the water, which were found thereafter. The DEA lab, through analysis, confirmed the heroin and cocaine inside the packages.

Defendant Carlos Besa-Gari aided and abetted by his co-defendants,  knowingly and intentionally imported into the United States, from a place outside thereof, one (1) kilogram or more of a mixture or substance containing a detectable amount of <u>heroin</u>, a Schedule I, Narcotic Drug Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Section 952(a) and 960(a)(1)&(b)(1)(B) and Title 18, .<u>United States Code</u>, Section 2.

The evidence the United States would have used in trial, in the form of testimonial, physical and documentary evidence includes drugs, photographs, lab analysis reports, and have been provided to the defense in accordance with the Federal Rules of Evidence and this Court's order.  The defendant agrees that

*Plea Agreement <u>United States v. Carlos Besa-Gari" Crim. No. 09 -334  (PG)</u>*

16

the United States has provided discovery in this case.  Had this case gone to trial, the United States would

have also presented the testimony of law enforcement officers, such as  the Coast Guard, CBP, ICE and the

chemist.


_Carlos Besa_
**CARLOS BESA -GARI**
Defendant
Date: 9/20/2010


**RAMON GONZALEZ, esq.**
Counsel for the Defendant
Date: 9/20/2010


**JEANETTE MERCADO-RIOS**
Assistant United States Attorney
Date: 13 August 2010

*Plea Agreement United States v. Carlos Besa-Gari" Crim. No. 09 -334  (PG)*

17